## LUTHRINGER *v.* THE STATE OF OHIO.

*Error proceedings — Conviction in municipal court of Cleveland —*
*Jurisdiction of common pleas court and court of appeals con-*
*current — Sections 13751 and 1579-36, General Code.*

The common pleas court and the court of appeals have concur-
rent jurisdiction of a proceeding in error from a judgment of
conviction by the municipal court of Cleveland, and one so con-
victed may prosecute error proceedings to the common pleas
court under the provisions of Section 13751, General Code, or
to the court of appeals by virtue of ·Section ·1579-36, General
Code.

(Decided March 19, 1917.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. Herman Nord,* for plaintiff in error.
*Mr. J. L. Lind,* for defendant in error.

LIEGHLEY, J. The plaintiff in error, 'John Luth-
ringer, in October, 1915, was arrested, charged, and
convicted in the municipal court of Cleveland, of the
crime of assault and battery. He filed a petition in
error in the common pleas court, which was sub-
sequently dismissed by said court for want of juris-
diction. Error is prosecuted to this court to reverse
this order of dismissal for want of jurisdiction.

It is claimed by the state that the right of error
proceedings is exclusive in the court of appeals. In
order to determine this question, an examination of
certain provisions of the constitution and statutes is
required.

Section 6, Article IV of the Constitution, as
amended, so far as applicable here, reads as follows:

"The courts of appeals shall have * * * ap-

pellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law." .

At the 1915 session of the legislature, Section 1579-36, General Code (106 O. L., 277), was amended to read as follows:

"Proceedings in error may be taken to the court of appeals of Cuyahoga county from a judgment or final order of the municipal court in the same manner and under the same conditions as are provided by law for proceedings in error from the court of common pleas to the court of appeals."

This subject-matter, in some respects, has been reviewed by the supreme court of Ohio in *Cincinnati Polyclinic* v. *Balch*, 92 Ohio St., 415:

"The general assembly has no power to enlarge or limit the jurisdiction [of the court of appeals] conferred by the constitution of the state, but may provide by law for the method of exercising that jurisdiction."

It is claimed by the plaintiff in error that the common pleas court has concurrent jurisdiction to review error proceedings from the municipal court, by virtue of Section 13751, General Code, which reads as follows:

"In a criminal case, including a conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of a court or officer inferior to the common pleas court may be reviewed in the common pleas court."

Section 4, Article IV of the Constitution of Ohio, provides:

"The jurisdiction of the courts of common pleas, and of the judges thereof shall be fixed by law."

To the same effect, by judicial expression, is *Allen* v. *Smith,* 84 Ohio St., 283.

So that the litigant in the municipal court of Cleveland has an election to proceed in error to either court, unless there is inconsistency or repugnancy in the above-quoted sections from the Constitution of Ohio and from the General Code. The jurisdiction of the court of appeals is fixed and established by Section 6, Article IV of the Ohio Constitution. The jurisdiction of the common pleas court in error proceedings in a criminal case is established by an act of the legislature, the authority for which enactment is derived from Section 4, Article IV of the Ohio Constitution. Both emanate from the same fountain, the same source of power, the Constitution of Ohio.

"The constitution of 1912, by its schedule, expressly saves 'all laws then in force not inconsistent therewith.'

"Before a statute can fall by reason of such inconsistency the repugnancy must be necessary and obvious. If by any fair course of reasoning the statute and constitution can be reconciled, the statute must stand." *Mahoning Valley Ry. Co.* v. *Santoro, Admr.,* 93 Ohio St., 53.

We are unable to see any inconsistency in the fact that a litigant in municipal court may have the right to prosecute error to the common pleas court, or directly to the court of appeals. If such was not the intention of the legislature by the amendment of Section 1579-36, in 1915, it had plenary powers to repeal Section 13751, General Code, and thereby

leave only the remedy of error proceedings to this court.

At the hearing it was further contended by counsel for the state that the word "may," found in Section 1579-36, should be construed as "shall."

We believe the law to be that such construction will never be invoked except when it is necessary by reason of the fact that the public interest demands it, or due administration of justice requires it. *Columbus, Springfield & Cincinnati Rd. Co.* v. *Mowatt,* 35 Ohio St., 284, 287; *The State of Ohio* v. *Budd,* 65 Ohio St., 1, 5; *State, ex rel. Mitman et al.,* v. *County Commissioners,* 94 Ohio St., 296.

Under the authorities above quoted and referred to we are of the opinion that the court of common pleas erred in dismissing the petition in error of plaintiff in error for want of jurisdiction, and said judgment of dismissal is reversed and the cause remanded for further proceedings.

*Judgment reversed, and cause remanded.*

GRANT and CARPENTER, JJ., concur.